THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEVY BROTHERS REALTY COMPANY, Appellant, *v.* WILLIAM E. WALSH et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

(Argued April 10, 1931; decided May 12, 1931.)

*Sidney A. Clarkson, Albert A. Hovell* and *H. W.* *McChesney* for appellant. The action of the Board of Standards and Appeals in upholding without variation the order of the fire commissioner was an abuse of the power of the Board and was unlawful and arbitrary. (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126; *People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280; *Matter of Larkin* v. *Schwab,* 242 N. Y. 330; *People ex rel. Aeon Realty Co.* v. *Walsh,* 229 App. Div. 774; *People ex rel. Simlan Realty Corp.* v. *Walsh,* 229 App. Div. 774; *People* v. *Hewitt,* 229 App. Div. 774.)

*Arthur J. W. Hilly, Corporation Counsel (Vine H. Smith* and *J. Joseph Lilly* of counsel), for respondents. The cigar and candy stand and other articles referred to in the order of the fire department clearly constitute a fire hazard and a violation of rule 10 of the Board of Standards and Appeals. (*People* v. *Hewitt,* 229 App. Div. 774; *People ex rel. Aeon Realty Co.* v. *Walsh,* 229 App. Div. 774; *People ex rel. Simlan Realty Corp.* v. *Walsh,* 229 App. Div. 774.)

KELLOGG, J. The plaintiff is the owner of a twelve-story building of fireproof construction, situate in New York city and extending through from West Thirty-eighth street on the south to West Thirty-ninth street on the north. A hallway, bounded on the east by the easterly wall of the building, and on the west by a partition wall, separating the hall from rooms to the west, runs directly through the building, and provides an entrance at each street. The framework of three elevator shafts projects from the easterly wall seven and one-half feet into the hallway; a telephone booth, and stairways, affording entrance to the upper floors, likewise project a similar distance. Immediately south of the elevator framework is a room occupied by a tenant who sells electric light bulbs; immediately south again is a room occupied as a cigar stand. These rooms project into the hallway an

equal distance with the elevator shafts. All these projections, extending to the same line, narrow the hallway as it passes them, to a width of six feet and two inches. The upper stories of the building are occupied by factory workers at times numbering more than a thousand men and women. Entrance to their places of work, and exit therefrom, must be gained through the use of the hallway thus narrowed.

Rule 10 of the Board of Standards and Appeals, entitled "Storage of Combustible Materials within Factory Stairway Enclosures," provides as follows: "In all factory buildings no articles or wares of any nature shall be kept or stored inside the limits of any stairway enclosure or unenclosed stairway, or on the landings, platforms or passageways connected therewith." On June 3, 1927, the Fire Commissioner of the City of New York served a notice on the plaintiff which reads as follows: "Remove all articles and wares from stairhall east side, 1st story (Cigar stand and electrician booth) as per Rule 10 of the Board of Standards and Appeals adopted February 23rd, 1927." It will be seen that the order was not directed against the structures enclosing the cigar stand and the electric light shop, but against the contents of these enclosures, to cause their removal. The order was not within the rule unless the articles ordered removed were stored in a "stairway enclosure or unenclosed stairway" or "on the landing, platforms or passageways connected therewith." Certainly the places of storage were not a "stairway," a "landing" or a "platform." They were not "passageways" unless these rooms may be regarded as part and parcel of the hallway.

Neither the electrical room nor the room used as a cigar stand were temporary booths placed on the floor of the hallway. Each was a room with four sides; each had been built when the building was first erected; each formed an integral part of the permanent construction of the building. The electrical shop was entered from

the front by a doorway equipped with a plate glass door to close it; light entered through three plate glass sashes on the hallway side, one of which might be opened and shut. The cigar stand room was entirely enclosed by partitions, except for a doorway, to which a door was fitted, and an opening over a counter, three feet high, which at night was covered with wooden shutters. We are of the opinion that these enclosures had the distinctive character of rooms; that they constituted no part of the hallway; that the articles contained therein were not stored in " passageways " to staircases; that the order of the Fire Commissioner was not within rule 10 and was unauthorized.

The order should be reversed and the determination of the Board of Standards and Appeals annulled, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.